UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-20283 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| JAMMIE COLLIER, | |
| Defendant. | |
| _____ / | |

**ORDER OF DETENTION PENDING TRIAL**

Defendant, Jammie Collier, is charged with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He consented to detention during a hearing before Magistrate Judge Curtis Ivy on May 10, 2023. (ECF No. 8). On November 17, 2023, counsel for Collier and the government submitted a stipulated request for a detention hearing. (ECF No. 45). The court held a hearing on November 28, 2023. This order sets forth the court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing. For the reasons more fully stated on the record, and after considering the factors set forth in 18 U.S.C. § 3142(g) along with the information presented at the detention hearing, the court concludes that Defendant must be detained pending trial because the Government has proven

1

by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

The court's findings and reasons for ordering detention, including its consideration of the factors listed in 18 U.S.C. § 3142(g), were stated on the record at the November 28, 2023 hearing and are fully incorporated in this order by reference.  At that time, the court found by clear and convincing evidence that there is no condition or combination of conditions which will reasonably ensure the safety of the community.  This evidence was discussed on the record in support of the court's reasoning, and includes, but is not limited to evidence that: (1) based on the testimony presented at the hearing regarding the charged offense and its nature (which included a 9-millimeter firearm and a high capacity magazine with ammunition) along with Defendant's admissions as stated by Detective Trooper Monroe that Defendant recently purchased crack cocaine, that he was a user and seller, and that he obtained the firearm and magazine shortly after his release from prison, the weight of evidence indicates a level of dangerousness that weighs in favor of detention; (2) Defendant's criminal history reflects a history of assault with a dangerous weapon, fleeing from police, and firearm use/possession; (3) Defendant has a history of failing to report while on

2

supervised release and failing to abide by supervised release conditions; and (4) there is a recommendation from the pretrial service department that there are no conditions or combination of conditions that could reasonably ensure the safety of the community if he was released.

Accordingly, Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**.

Date: November 30, 2023            s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge